

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-18-2006

# Foster v. Morris

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4765

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Foster v. Morris" (2006). *2006 Decisions.* Paper 79.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/79

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4765
_____

WILLIAM E. FOSTER SR.

v.

ROBERT MORRIS, Individually and as Mayor of the
Borough of Chambersburg; DOUGLAS W. HERMAN, Individually
and as Judge; RAY ROSENBERRY, Individually and as former
Warden, Franklin County Prison; FRANKLIN COUNTY PRISON;
BOROUGH OF CHAMBERSBURG; FRANKLIN COUNTY; FRANKLIN COUNTY
PRISON BOARD OF TRUSTEE, John Does and Jane Does, Individually
and in Official Capacity; CHAMBERSBURG MAYOR

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-0766)
District Judge: Honorable Richard P. Conaboy

_____

Submitted Under Third Circuit LAR 34.1(a)
October 11, 2006

Before: Rendell, Ambro and Roth, <u>Circuit Judges</u>

(Filed:  December 18, 2006)

_____

OPINION

_____

PER CURIAM

William E. Foster, Sr., appeals from the District Court's order granting Defendants' motion for summary judgment. For the reasons that follow, we will vacate the District Court's judgment and remand the case for further proceedings.

Foster is currently incarcerated in Mahanoy State Correctional Institution, in Frackville, Pennsylvania ("SCI-Mahanoy"). Foster is a partial paraplegic. He is paralyzed on his left side and requires the use of a wheelchair. While normally incarcerated in a prison with services for the disabled, SCI-Mahanoy, he has been transferred to the Franklin County Prison ("Franklin") for brief periods for court proceedings. The length of his stays varied; sometimes he was at Franklin for months at a time, while other times he was there for only a few days. His most recent stay was from April 16 to April 23, 2001.

The undisputed summary judgment evidence shows that Franklin lacks handicap accessible facilities. Foster's wheelchair was unable to fit through the entrance to his cell, the toilet in his cell was not at the proper height and lacked grab bars that would allow him to transfer himself from his wheelchair, and Franklin also lacked any handicap accessible showers. As a result, on November 1, 1999, Foster fell in the shower and injured his back. Further, during the times that he spent in Franklin, Foster often had no choice but to use his sink to bathe himself, has had difficulty using the toilets, occasionally soiling himself as a result, and developed rashes and pressure sores.

On May 3, 2002, he filed this pro se civil rights action protesting the conditions at

2

Franklin.[1]  In his amended complaint he named Franklin County, the Borough of Chambersburg, former Mayor Robert Morris, current Mayor Thomas L. Newcomer, Judge Douglas W. Herman of the Franklin County Court of Common Pleas, the Franklin County Prison, ex-Warden Ray Rosenberry, and eight members of the prison Board of Trustees, as defendants.  Foster's complaint asserted claims under 42 U.S.C. § 1983, Title II of the Americans with Disabilities Act ("ADA"), and in tort.  It claimed that the lack of handicap accessible facilities in Franklin violated the ADA, and that Defendants' placing him there exhibited deliberate indifference to his medical needs in violation of the Eighth amendment as well as state tort law.[2]  Foster is seeking damages for physical and emotional distress as well as declaratory and injunctive relief.

Soon after he filed his complaint, the defendants filed a motion to dismiss under FED. R. CIV. P. 12(b)(6), arguing that his claims were barred by the statute of limitations, res judicata, and collateral estoppel.  The District Court denied the motion, holding that Foster's claims might fit within the continuing violations exception to the statute of limitations and that his suit was not barred by res judicata and collateral estoppel.

When discovery was substantially complete, Defendants filed a motion for summary judgment pursuant to FED. R. CIV. P. 56.  In the motion, Defendants renewed their statute of limitations argument and claimed that Foster had not exhausted his

---

[1]Under Houston v. Lack, 487 U.S. 266 (1988), Foster's complaint is deemed filed on the date he turned it over to prison officials for mailing.

[2] Foster also claimed that his rights under the Fifth Amendment were violated and that he had been denied equal protection.

3

administrative remedies. In Foster's brief in opposition, he claimed that he had filed a grievance on April 16, 2001, protesting the conditions at Franklin. The District Court granted Defendants summary judgment, finding that the continuing violations doctrine did not apply and his claims were barred by the applicable statute of limitations. In the alternative, the District Court held that Foster's suit was barred by 42 U.S.C. § 1997e(a) because he had not exhausted administrative remedies. Foster filed a motion for reconsideration to which he attached a copy of a grievance that claims to have filed on April 16, 2001, complaining about the lack of handicap accessible facilities at Franklin. Before the District Court could rule on the motion, Foster filed a notice of appeal.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a District Court's grant of summary judgment. See S&H Hardware & Supply Co. v. Yellow Transp., Inc., 432 F.3d 550, 554 (3d Cir. 2005). In evaluating the evidence, we take the facts in the light most favorable to the nonmoving party, and draw all reasonable inferences in his favor. Morton Int'l, Inc. v. A.E. Staley Mfg. Co., 343 F.3d 669, 680 (3d Cir. 2003). Summary judgment is appropriate when the record shows that there is no need of a trial because "there is no genuine issue of material fact and []the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Celotex Corp. v. Cattrett, 477 U.S. 317, 322 (1986).

I

The statute of limitations for bringing a civil rights suit under § 1983 is the same as the state statute of limitations for bringing a personal injury action. See Kost v.

Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993).[3]  In Pennsylvania, that period is two years.  Id.; see 42 Pa. CON. STAT. § 5524.   Because Foster filed his complaint on May 3, 2002, he can only recover for those violations that occurred after May 3, 2000.

Foster argues that he should be allowed to recover for earlier injuries, either because the statute of limitations was tolled during the pendency of a products-liability suit regarding his 1999 fall or due to the continuing violations doctrine.  However, neither theory will allow him to recover for injuries suffered prior to May 2, 2000.

Like the limitations period, the tolling rules in § 1983 actions are taken from the rules of the forum state, unless they conflict with federal law or policy.  See 42 U.S.C. § 1988; Hardin v. Straub, 490 U.S. 536, 539 (1989).  The Pennsylvania statute of limitations contains a "savings clause," 42 PA. CONS STAT. § 5535(a)(1), which allows a party to file a suit "upon the same cause of action within one year after the termination [of a timely commenced civil action.]"  However, this provision does not apply to "[a]n action to recover damages for injury to the person . . . caused by the wrongful act . . . of another."  § 5535(a)(2)(i).  Because § 1983 and the ADA borrow their statutes of limitations from Pennsylvania's statute of limitations for personal injury actions, and because Foster's suit seeks to "to recover damages for injury to the person caused by the wrongful act of another," Pennsylvania's statutory tolling for the period of pendency of a prior civil action does not apply.

---

[3]Because the ADA does not contain a statute of limitations, it too borrows the state limitations period for personal injury actions.  See Nieves-Marquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003).

The continuing violations doctrine is an equitable exception to a strict application of a statute of limitations where the conduct complained of consists of a pattern that has only become cognizable as illegal over time. Cowell v. Palmer Twp., 263 F.3d 286, 292 (3d Cir. 2001). "[W]hen a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period; in such an instance, the court will grant relief for the earlier related acts that would otherwise be time barred." Brenner v. Local 514, United Bhd. of Carpenters, 927 F.2d 1283, 1295 (3d Cir.1991). However,

> [i]n order to benefit from the doctrine, a plaintiff must establish that the defendant's conduct is "more than the occurrence of isolated or sporadic acts." Regarding this inquiry, we have recognized that courts should consider at least three factors: (1) subject matter-whether the violations constitute the same type of discrimination, tending to connect them in a continuing violation; (2) frequency-whether the acts are recurring or more in the nature of isolated incidents; and (3) degree of permanence-whether the act had a degree of permanence which should trigger the plaintiff's awareness of and duty to assert his/her rights and whether the consequences of the act would continue even in the absence of a continuing intent to discriminate. The consideration of "degree of permanence" is the most important of the factors.

Cowell, 263 F.3d at 292 (citations omitted). The violations at issue in Foster's suit – e.g. lack of grab bars on his toilet and wheelchair accessible shower – had a degree of permanence such that they put Foster on notice of his duty to assert his rights each time he was transferred to Franklin. Thus, the continuing violations doctrine is inapplicable in this case.

Appellees argue that Foster's suit only attempts to recover for damages that he suffered during his fall in 1999 and, as a result, the entire suit is barred by the statute of

6

limitations. We do not agree. Pro se complaints "however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers" and should be liberally construed. Hughes v. Rowe, 449 U.S. 5, 9 (1980). While the only date mentioned in Foster's complaint is the date of his fall in the shower in 1999, the conditions he complains of (e.g., lack of handicap accessible facilities to wash himself) and the relief he requests (e.g., an injunction to bar him from being transferred to Franklin until its facilities comply with the ADA) indicate that he seeks to recover for injuries that he sustained during all of his visits to Franklin. Further, there is nothing in his complaint which limits his suit to just the 1999 incident. Accordingly, Foster's suit is not completely barred by the statute of limitations. Specifically, he is still entitled to recover for any violations that occurred during his April 2001 stay at Franklin.

## II

A prisoner is barred from bringing an action under § 1983 or any other federal law "until such administrative remedies as are available have been exhausted." 42 U.S.C. § 1997e(a). To determine whether a prisoner has exhausted his administrative remedies, we look to the prison's grievance procedure. Spruill v. Gillis, 372 F.3d 218, 231 (3d Cir. 2004). The grievance procedure at Franklin is described in the Franklin County Inmate Handbook: "An Inmate Request Slip will be used for submitting a grievance. The Warden may respond to your grievance personally or send your grievance to a staff member who has specific responsibility for handling matters related to your complaint." (App. at A-317.) There is no appeals process.

7

Failure to exhaust administrative remedies is an affirmative defense, and the burden of pleading and proving non-exhaustion rests with the defendants. Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002). In a motion for summary judgment, where the movants have the burden of proof at trial, "they [have] the burden of supporting their motion for summary judgment 'with credible evidence . . . that would entitle [them] to a directed verdict if not controverted at trial.'" In re Bressman, 327 F.3d 229, 237 (3d Cir. 2003) (quoting Celotex Corp., 477 U.S. at 331(Brennan, J., dissenting)). If "the motion does not establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented." Nat'l State Bank v. Fed. Reserve Bank of N.Y., 979 F.2d 1579, 1582 (3d Cir. 1992) (internal quotations omitted). We review the facts in the light most favorable to the non-moving party, and draw all reasonable inferences in his favor. Morton Int'l, Inc., 343 F.3d at 680. In this instance, the motion for summary judgment and supporting materials were insufficient to demonstrate that there is no genuine issue of material fact. Thus, the District Court should have denied the motion despite Foster's failure to produce admissible evidence in opposition.

Defendants' brief in support of their motion for summary judgment asserts that Foster never filed any grievances relating to the lack of handicap accessible facilities at Franklin. Defendants attach two unrelated grievances that they contend are the only grievances that Foster filed during his time at Franklin. However, the motion, brief, and supporting documents contain no affidavits or any other statements from anyone with

8

personal knowledge that would entitle them to a directed verdict if not controverted at trial. Notably, Defendants produced no affidavits or other statements from anyone at Franklin who had searched through their record of grievances and could attest that the two grievances attached to the motion are, in fact, the only grievances that were filed by Foster. Thus, they did not satisfy their initial burden to establish the absence of a genuine issue of material fact regarding whether Foster filed any additional grievances protesting the conditions at Franklin. See Nat'l State Bank, 979 F.2d at 1582-83 (finding that plaintiff's motion for summary judgment supported only by affidavit of person with no personal knowledge of relevant facts was insufficient to establish an absence of a genuine issue of material fact).[4]

III

The Defendants have not shown Foster's claims for declaratory and injunctive relief are moot. An inmate's transfer from the objectionable facility generally moots equitable and declaratory claims because there is no reasonable likelihood that he will again be exposed to the complained of conditions. Abdul-Akbar v. Watson, 4 F.3d 195, 207 (3d Cir. 1993). However, where prison authorities have undertaken to voluntarily change a policy, "a claim will not be rendered moot if there remains the possibility that plaintiffs will be disadvantaged in the same fundamental way." Sutton v. Rasheed, 323

---

[4]For this reason we need not, and do not, pass on the April 16, 2001, grievance that Foster submitted with his never-ruled-upon motion for reconsideration.

9

F.3d 236, 248 (3d Cir. 2003) (internal quotations omitted). From the record, there appears to have been a policy whereby inmates were routinely transferred to Franklin for court proceedings. In the years preceding his suit, Foster was repeatedly transferred to Franklin and Defendants provided no evidence that this practice will change after these proceedings conclude.

Other than the fact that Foster's most recent court appearance did not involve a transfer to Franklin, the only relevant evidence in the record consists of two statements by Foster that are wholly speculative. (See Appellee Br. at 25-26.) Foster, in his deposition, responded to the Defendants' attorney's question of whether he thought that he would be transferred again to Franklin by saying "[t]here's no intention to bring me back." (App. at A-209.) And in his opposition to the Defendants' motion for summary judgment, Foster claims that, since he filed his suit, Franklin has stopped housing wheelchair-bound inmates. (App. at A-46.) This assertion is contradicted by an affidavit accompanying the opposition, from a wheelchair-bound prisoner who spent one week at Franklin in 2003 and described the same lack of handicap accessible facilities as Foster. (App. at A-87.) Thus, the record does not demonstrate that there is no likelihood that Foster will be transferred back to Franklin after the conclusion of his case.

Because there were genuine issues of material fact and the Defendants were not entitled to judgment as a matter of law, the District Court erred in granting the Defendants' motion for summary judgment. Accordingly, we will vacate the District Court's judgment and remand the case for further proceedings.